IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–17–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| WOLFGANG ALEXANDER LUCAS VASQUEZ, | |
| Defendant. | |

Before the Court is Defendant Wolfgang Alexander Lucas Vasquez's Unopposed Motion for Early Termination of Supervision. (Doc. 65.) The United States does not oppose. (*Id.* at 2.) For the reasons below, the Court grants the Motion.

## Background

On December 15, 2020, Defendant was sentenced for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 62.) The Court sentenced Defendant to 28 months of imprisonment, followed by three years of supervised release. (*Id.* at 2–3.) Defendant began serving his term of supervision in June 2023. (Doc. 66 at 3.)

1

**Discussion**

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that his supervised release should be terminated because he has served half of his term of supervised release in complete compliance. (Doc. 66 at 3.) Defendant further explains that he has maintained full time employment, completed substance abuse and mental health treatment, and continues to be a father figure for his wife's children. (*Id.*)

Based on Defendant's compliance with the terms of supervision, his continued employment, and his commitment to his family, the Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 65) is GRANTED. Wolfgang Alexander Lucas Vasquez's term of supervised release is TERMINATED as of the date of this Order.

DATED this 10th day of February, 2025.

Dana L. Christensen, District Judge
United States District Court

3